# In the United States District Court for the District of New Jersey

**ATTORNEY FOR PLAINTIFF**

Kevin P. McCann, Esquire
CHANCE & McCANN, L.L.C.
210 West Commerce Street
Post Office Box 278
Bridgeton, NJ 08302
(856) 451-9100

RECEIVED
OCT 18 2004
AT 8:30 M
WILLIAM T. WALSH
CLERK

Melanie Bruno
1701 Tuckerton Ave.
Whiting, NJ 08759

and

Melissa Bruno
63 Bay Parkway
Waretown, NJ 08758

and

Jose Roman
201 Seabright Rd.
Forked River, NJ 08731

PLAINTIFFS

CIVIL ACTION

No. 04-5084(GEB)

**COMPLAINT AND JURY DEMAND**

vs.

Borough of Seaside Park
1701 North Ocean Avenue
Post Office Box B
Seaside Park, NJ 08752

and

Borough of Seaside Park Police Department
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

William Beining, Chief of Police
Seaside Park Police Department
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

P/O James Citta, Badge # 0010
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

P/O James Azambuja, Badge # 0061
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

P/O Sgt. Boag, Badge # unknown
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

P/O Ptlmn. B. Rain or Rice, Badge # unknown
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

P/O John Doe
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Sawmill Restaurant and Tavern
1807 Boardwalk
Seaside Park , NJ 08752

and

Stephen Donofrio
1807 Boardwalk
Seaside Park, NJ 08752

and

Nicole Hyra
Address Unknown

and

Chris Wolfgruber
77 Butler Blvd.
Bayville, NJ 08721

and

Peter J. Lang
2 Sandpiper Lane
Seabright, NJ 07760

and

John Doe Individuals
Addresses Unknown

and

John Doe Corporations
Addresses Unknown

DEFENDANTS

---

**COMPLAINT PRELIMINARY STATEMENT**

1. This is an action alleging a deprivation of civil right resulting from the use of unlawful and excessive force by members of the Borough of Seaside Park Police Department. Money damages are sought.

2. This is an action alleging injuries resulting from the use of unlawful and excessive force by employees of the Sawmill Restaurant and Tavern during the course of their employment. Money damages are sought.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. Section 1983, 1985(3), 1986 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded on 28 U.S.C. Section 1331 and Section 1343 (1) (2)(3)(4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes the pendent/supplemental jurisdiction of this court to consider claims arising under state law.

## PARTIES

6. Plaintiff, Melanie Bruno, is an individual residing at the above captioned address and who is a citizen of the State of New Jersey, and brings this action on behalf of herself as an individual.

7. Plaintiff, Melissa Bruno, is an individual residing at the above captioned address and who is a citizen of the State of New Jersey, and brings this action on behalf of herself as an individual.

8. Plaintiff, Jose G. Roman, Jr., is an individual residing at the above captioned address and who is a citizen of the State of New Jersey, and brings this action on behalf of himself as an individual.

9. Defendant, BOROUGH OF SEASIDE PARK, is a municipal corporation with offices for service of process located at 1701 N. Ocean Ave., P.O. Box B, Seaside Park, NJ, 08752, and at all times material hereto did own and operate, by its agents, servants, workmen and/or employees, the Seaside Park Police Department

and all other defendants herein acting under color of state law who are known and who may be currently unknown.

10. Defendant, Borough of Seaside Park Police Department, is a municipal corporation with offices for service of process located at 6th and Central Avenues, Seaside Park, NJ, 08752, and at all times material hereto did own and operate, by its agents, servants, workmen and/or employees, the Borough of Seaside Park Police Department and all other defendants acting under color of state law herein.

11. Defendant William Beining was at all times relevant the Chief of Police for Seaside Park Police Department and employed by Defendant Borough of Seaside Park. As such, he was the commanding officer of Defendants Citta, Azambuja, Boag, Rain or Rice, and P/O John Doe, and was responsible for the training and conduct of said Defendants. He is also required by law to enforce the regulations of the Borough of Seaside Park Police Department and of the United States of America. He is sued individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority. He is joined individually and in his official capacity as an agent servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

12. Defendant, P/O James Citta, Badge# 0010, was at all times relevant, a police officer employed by the Borough of Seaside Park. He is joined individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

13. Defendant, P/O James Azambuja, Badge# 0061, was at all times relevant, a police officer employed by the Borough of Seaside Park. He is joined individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

14. Defendant, Sgt. Boag, was at all times relevant a police officer employed by the Borough of Seaside Park. His first name is currently unknown. He is sued individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

15. Defendant, Ptlman. B. Rain or Rice was at all times relevant, a police officer employed by the Borough of Seaside Park. His first name is currently unknown to the plaintiff. He is sued individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

16. Defendant P/O John Doe was at all times relevant, a police officer employed by the Borough of Seaside Park. His identity is as yet unknown to Plaintiffs. He is sued individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

17. At all times relevant hereto and in all their actions described herein, the Defendants set forth above in paragraphs 8 through 15 were acting under color of law and under color of their authority as police officers and chief of police for the Borough of Seaside Park.

18. Defendant, Sawmill Restaurant and Tavern (hereinafter "Sawmill"), is a corporation with offices for service of process located at 1807 Boardwalk, Seaside

Park, NJ, 08752, and at all times material hereto did operate, by its agents, servants, workman and/or employees, the Sawmill and all other defendants set forth herein who are known and who may be currently unknown.

19. Defendant, Stephen Donofrio is and was at all times relevant, the owner of the Sawmill. As such, he was the supervisor of Defendants Hyra, Wolfgruber, Lang, and John Doe, and was responsible for the hiring, training and conduct of said Defendants. He is required by law to ensure that those persons under his supervision obey the laws of the State of New Jersey during the course of their employment. He is joined individually and in his capacity as an agent, servant, and or/employee of the Sawmill who was acting within the scope of his authority.

20. Defendant, Nicole Hyra, was at all times relevant a bartender employed by the Sawmill. She is sued individually and in her capacity as an agent, servant and/or employee of the Sawmill acting during the course of her employment.

21. Defendant, Chris Wolfgruber, was at all times relevant a bouncer employed by the Sawmill. He is sued individually and in his capacity as an agent, servant and/or employee of the Sawmill acting during the course of his employment.

22. Defendant, Peter J. Lang, was at all times relevant a bouncer employed by the Sawmill. He is sued individually and in his capacity as an agent, servant and/or employee of the Sawmill acting during the course of his employment.

23. Defendant, John Doe individual, was at all times relevant an employee of the Sawmill. His or her identity is as yet unknown to Plaintiffs. He or she is sued individually and in his official capacity as an agent, servant and/or employee of the Sawmill acting within the scope of his authority.

24. Defendant, John Doe Corporation with office for service of process as yet unknown by the plaintiff, and at all times material hereto did operate, by its agents, servants, workman and/or employees, the John Doe Corporation and all other defendants set forth herein who are known and who may be currently unknown.

## FACTUAL ALLEGATIONS AS TO ALL CAUSES OF ACTION AND ALL PARTIES

25. Paragraph 1 through 24 are incorporated herein as though fully set forth.

26. On or about November 22, 2003, at or about 10:00 P.M., Plaintiffs and several friends went to the Sawmill in Seaside Park, New Jersey.

27. About an hour after arriving at the bar, Nicole Hyra, for an improper purpose, alerted bouncers to remove Plaintiffs Melissa and Melanie Bruno from the bar.

28. As a result, numerous Defendants, acting during the course of their employment, responded with physical and verbal abuse, using force that was unnecessary and unwarranted under the circumstances including but not limited to the following:

   a. Defendants, bouncers at the Sawmill and other bouncers currently unknown who arrived at the scene, began to grab Plaintiffs and physically push them towards the exit. Plaintiffs believe and therefore aver that two of the aforesaid bouncers were Defendants Wolfgruber and Lang. Plaintiffs do not know the name of the other arriving Sawmill employee's and such are herein referred to as John Doe.

   b. Defendant bouncers physically pushed Melanie Bruno down a stairwell and out the exit door onto the boardwalk.

c. One of the Defendants physically picked up Melissa Bruno by the waist and began to carry her down the stairway. He eventually threw her at the door at the bottom of the stairway causing her to suffer injury to her body.

d. As the Defendant bouncer carried Melissa down the stairway he directed verbal abuse towards Plaintiff Melissa and Melanie Bruno, shouting "Shut up you fucking bitches!"

e. Defendants physically pushed Jack Deaver down a stairwell and out the exit door onto the boardwalk. Once outside, Defendants physically forced Deaver to the ground. While on the ground, Defendants punched and held Jack in a "leg lock" around his neck and head, one Defendant bouncer had a knee in Jack's back, and another Defendant bouncer was holding Jack's legs down, causing Jack Deaver to suffer injury to various parts of his body.

29. Shortly thereafter, patrolmen, employed by Defendant Borough of Seaside Park Police Department and acting within the course and scope of their employment, arrived on the scene.

30. Upon stopping their vehicle on the boardwalk, Defendants alighted from their vehicle and confronted Plaintiffs in an abusive and hostile manner.

31. When Plaintiffs questioned the continuing activities, the officers responded with physical abuse, using force that was unnecessary and unwarranted under the circumstances including but not limited to the following:

a. Defendant Azambuja shoved Plaintiff Jose Roman against the hood of his police vehicle, arrested plaintiff without probable cause, and placed him in

handcuffs. Defendant Azambuza purposefully tightened the handcuffs so that Plaintiff Jose Roman was caused extreme distress and injury to his wrists and hands.

b. When Plaintiff Melanie Bruno asked why Roman was being arrested, Defendant Citta grabbed Melanie from behind and picked her up by her neck and threw her on a police vehicle. Being picked up and thrown by her neck caused her to suffer a strained shoulder and other injuries. Melanie was then arrested without probable cause and placed in handcuffs and purposefully tightened the handcuffs so that Plaintiff Melanie Bruno was placed in extreme distress and her wrists were bruised and sore.

c. Upon seeing the brutality of the defendant officers, Plaintiff Melissa Bruno called her father on her cellular phone to try to get help. Hearing the subject of the conversation, Defendant Boag grabbed Melissa Bruno by the arm, slammed her to the ground causing the cell phone to leaver her hand, placed his knee in her back, cuffed her from behind and placed her in the police car. As a result, Plaintiff Melissa Bruno suffered bruising on several parts of her body and extreme emotional distress.

d. The Defendant officers began to take Melissa and Melanie Bruno towards a secluded and dark alley on the boardwalk while shouting verbal obscenities at them. This action caused the Plaintiffs fear and emotional distress as they did not know where they were being taken and for what purpose.

e. The Defendant officers also arrested and handcuffed Jack Deaver without probable cause.

32. Upon arriving at the police station, the defendant officers continued to physically and mentally abuse the plaintiffs for a period exceeding five hours, using force that was unnecessary and unwarranted under the circumstances including but not limited to the following:

a. Upon arriving at the station, as a result of the physical abuse she had suffered at the hands of the defendant bouncers and defendant police officers, Melanie Bruno's top had ripped causing her breast to become exposed. When Melissa Bruno attempted to aid her sister in covering up, Defendant handcuffed her to a bench to allow Melanie to continue to remain exposed for over ten minutes. Defendants also commented to Plaintiff Roman, "So you think we are looking at your girlfriend's boobs?" This indicates that they noticed her exposure and did nothing to remedy the situation. This caused Melanie Bruno to suffer embarrassment and humiliation.

b. Both Plaintiffs remained in the overly-tightened handcuffs for a significant period of time, causing extreme discomfort and bodily injury.

c. Both Plaintiff Jose Roman and Jack Deaver were slammed into filing cabinets while handcuffed by Defendants Citta and Boag, causing bodily injury.

d. Defendants Citta and Boag slammed Plaintiff Jose Roman's head into a filing cabinet, causing him to lose consciousness. Defendants Citta and

Boag then dragged Plaintiff Roman's unconscious and injured body across the floor towards a cell. Rather than open the cell door, Defendants Boag and Citta slammed Roman's head into the cell door before he was thrown in.

e. Once Roman regained consciousness and opened his eyes, Defendant Citta kicked him across the face and in the back of the head with his boot, leaving a boot mark across Roman's face and causing significant bodily injury.

f. Roman was placed in the cell with a victim of a driving while intoxicated accident who threw up blood and urinated on himself. When Roman called the medical condition of this person to the attention of the Defendants, they told him to "shut up." Remaining in a cell handcuffed and with an individual in this condition for hours caused Plaintiff Roman extreme mental anguish and emotional distress.

g. Despite repeated requests, Plaintiffs were denied any medical treatment for an extended period of time.

h. Melanie Bruno was eventually permitted to go to the hospital to be treated for her injuries. She was followed to the hospital by Defendant Officer John Doe. Upon her release, Defendant Azambuja or Citta required Melanie to return to the police station in his patrol car. While returning to the police station, Defendant Azambuja or Citta drove erratically, intentionally causing Bruno shoulder discomfort due to her shoulder injury.

## COUNT I VS. SEASIDE PARK/POLICE DEFENDANTS

33. Paragraphs 1 through 32 are incorporated herein as though fully set forth. The aforesaid beatings and physical abuse inflicted upon plaintiffs by defendants, acting individually and in concert, agreement and conspiracy with each other, were carried out unlawfully, maliciously and intentionally.

34. The actions of Defendants as aforesaid were undertaken without probable cause, and were accomplished through the use of unnecessary and unreasonable force. Further, such improper actions resulted in bodily and emotional injuries to the Plaintiffs, and a deprivation of their personal liberty.

35. As a direct and proximate result of the malicious acts described aforesaid, all committed under color of authority as Borough of Seaside Park Police Officers and while acting within the scope of their employment and pursuant to authority vested in them by the Defendant Borough of Seaside Park, Defendants caused the Plaintiffs to sustain injuries and a deprivation of their personal liberty.

36. As a result of the willful, wanton, and intentional misconduct of Defendants as aforesaid, Plaintiffs Melanie Bruno, Melissa Bruno and Jose Roman, have suffered damages including but not limited to:

a. multiple painful bruises and other bodily injuries;

b. pain and suffering;

c. emotional distress and mental anguish;

d. expenditures and lost wages for medical treatment;

e. expenditures and lost wages to defend unlawful prosecution.

f. expenditures and lost wages to prosecute this claim.

37. The unnecessary and unprovoked use of force by Defendants as aforesaid did in fact result in injury to Plaintiffs in the form of:

a. multiple painful bruises and other bodily injuries;

b. pain and suffering;

c. emotional distress and mental anguish;

d. expenditures for medical treatment;

e. expenditures and lost wages to defend unlawful prosecution;

f. expenditures and lost wages to prosecute this claim.

38. Plaintiffs believe, and therefore aver, that members of the Seaside Park Police Department have in the past and continue to engage in the use of excessive force during the discharge of their duties.

39. Defendants participated in, had knowledge of, directed, approved, was personally responsible for, personally cooperated in, or was reckless in regard to formulating, organizing or planning the policy or custom which led to the actions which are the subject of this Complaint.

40. Defendants by their deliberate acts and gross and reckless negligence in failing to adequately train, supervise, and discipline the individual officers, Defendants herein, and other officers in the Seaside Park Police Department, directly caused the injuries and harm suffered by the Plaintiffs.

41. The acts of the Defendants, committed under color of law and under color of their authority as police officers and chief of police for the Borough of

Seaside Park, as herein above set out, deprived Plaintiff(s) of their rights, privileges and immunities guaranteed to them as citizens of the United States in violation of 42 U.S.C. Sec. 1983, 1985(3) and 1986, and deprived Plaintiff(s) of rights guaranteed to them by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

**COUNT II VS. SEASIDE PARK/POLICE DEFENDANTS (TORT)**

42. The allegations in paragraphs 1 through 41 are incorporated by reference herein.

43. The acts and conduct of the Defendants alleged and detailed in paragraphs 1 through 38 constituted assault, battery, false arrest and false imprisonment under the laws of the State of New Jersey.

44. This Court has pendent/supplemental jurisdiction to hear and adjudicate said claims.

**COUNT III VS. ALL SAWMILL DEFENDANTS (TORT)**

45. The allegations in paragraphs 1 through 44 are incorporated by reference herein.

46. The acts and conduct of the Defendants alleged and detailed in paragraphs 1 through 41 constituted assault, battery, and false imprisonment under the laws of the State of New Jersey. All acts and conduct of these Defendants occurred during the course of their employment.

47. This Court had pendent/supplemental jurisdiction to hear and adjudicate said claims.

**COUNT IV VS. SAWMILL BAR/OWNER SAWMILL BAR (TORT)**

48. The allegations in paragraphs 1 through 47 are incorporated by reference herein.

49. Defendants participated in, had knowledge of, directed, approved, was personally responsible for, personally cooperated in, or was reckless in regard to formulating, or organizing or planning the policy or custom which led to the actions which are the subject of this Complaint.

50. Defendants by their deliberate acts and gross and reckless negligence in failing to adequately screen during hiring, train, supervise and discipline the individual bouncers, Defendants herein, and other employees of the Sawmill Bar, directly caused the injuries and harm suffered by the Plaintiffs.

51. This Court has pendent/supplemental jurisdiction to hear and adjudicate said claims.

**COUNT V VS. ALL DEFENDANTS (PUNITIVE DAMAGES)**

52. The allegations in paragraphs 1 through 51 are incorporated by reference herein.

53. The acts of the Defendants as averred herein were willful, wanton, malicious, intentional and/or evidenced a reckless disregard to the rights, health and safety of the plaintiffs.

WHEREFORE, each plaintiff with respect to counts I, II, III, IV and V, demand the following relief, jointly and severally against all Defendants:

a. Compensatory damages in excess of $75,000;

b. Punitive damages in excess of $10,000;

c. Grant injunctive relief staying the state court prosecution of any and all Plaintiffs resulting from this incident until all issues raised by this complaint can be properly resolved in a court of law or otherwise;

d. Award Plaintiffs compensatory and punitive damages for the intentional violations of their rights and to compensate Plaintiffs for psychological and emotional injuries intentionally and negligently caused by the defendants;

e. Award Plaintiffs their costs and attorneys' fees incurred in the prosecution of this lawsuit; and

f. Award any additional relief that this Court deems just, proper, and equitable under the circumstances.

**REQUEST FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs demand a trial by jury on all issues herein.

**DESIGNATION OF TRIAL COUNSEL**

PLEASE BE NOTIFIED, Kevin P. McCann, Esquire is hereby designated as trial counsel in the above-captioned litigation on behalf of plaintiffs, Melanie Bruno and Jose Roman.

By: [signature]
MICHAEL J. FIORETTI, ESQ.
CHANCE & McCANN, L.L.C.
Attorneys for Plaintiffs

Dated: ________________