NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MELANIE BRUNO, *et al.*, : | |
| : | |
| Plaintiffs, : | Civ. No. 04-5084 (GEB) |
| : | |
| v. : | |
| : | **MEMORANDUM OPINION** |
| BOROUGH OF SEASIDE PARK, *et al.*, : | |
| : | |
| Defendants. : | |

**BROWN, District Judge**

    This matter comes before the Court upon a motion for injunctive relief filed by plaintiffs Melanie Bruno, Melissa Bruno and Jose Roman ("Plaintiffs"). The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, will deny Plaintiffs' request for injunctive relief.

**I.    BACKGROUND**

    This civil action stems from events surrounding the arrest and detention of Plaintiffs on the evening of November 22, 2003. Plaintiffs allege that employees of the Sawmill Restaurant and Tavern, an establishment in the Borough of Seaside Park ("the town"), ejected Plaintiffs from the bar for no apparent reason. Amended Complaint ("Compl.") ¶¶ 28-29. Following their removal, Plaintiffs allege that members of the town police department ("Police Defendants") arrived, confronted Plaintiffs, and used extreme and unnecessary force to subdue and arrest them.

Compl. ¶¶ 30-32. Plaintiffs further allege that the Police Defendants shouted obscenities at them and otherwise inflicted emotional and mental distress. Compl. ¶ 32. Upon arrival at the police station, Plaintiffs allege that the Police Defendants continued to inflict physical injury and extreme mental anguish, and failed to provide adequate medical care, for up to five hours. Compl. ¶ 33.

After arrest and detention at the police station, Plaintiffs were charged with disorderly conduct, see N.J. STAT. ANN. § 2C:33-2 (2004); obstructing the administration of law, see N.J. STAT. ANN. § 2C:29-1 (2004); and resisting arrest. While criminal proceedings were still pending before the Island Heights Municipal Court, see Pls. Br. at 4, Plaintiffs brought a civil action against the Police Defendants and the town pursuant to 42 U.S.C. 1983.[1]

Specifically, Plaintiffs allege that the police department and the town inadequately trained and supervised the individual officers that caused Plaintiffs injury. Compl. ¶ 41. Plaintiffs allege that the town knowingly encouraged these actions, and that the conduct of these parties occurred under color of state law. Compl. ¶¶ 40-42. Plaintiffs also raised state law claims of assault, battery, false arrest and false imprisonment against all defendants. Compl. ¶¶ 44-52. On June 24, 2005, Plaintiffs moved for injunctive relief, requesting that this Court enjoin the pending state criminal proceedings.

---

[1] Plaintiffs filed the action on October 18, 2004. Section 1983 provides that:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2005).

## II.     DISCUSSION

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (2005).  The United States Supreme Court has held that the federal civil rights remedies enunciated in Section 1983 provide federal courts with such express authorization.  See Mitchum v. Foster, 407 U.S. 225, 242 (1972) ("Congress plainly authorized the federal courts to issue injunctions in Section 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress.").

Although the Supreme Court found Section 1983 to be an exception to the Anti-Injunction Act, the Court did not otherwise "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding," Mitchum, 407 U.S. at 243.  These principles first appeared in Younger v. Harris, 401 U.S. 37, 53 (1971), in which the Court conceded to federal courts the power to issue injunctions only in "extraordinary circumstances."  Thus, the Court's reasoning effectively created an additional jurisdictional barrier to federal court injunctions.

First, the Court tracked the history of a "longstanding public policy against federal court interference with state court proceedings."  Id. at 43.  The Court acknowledged the basic principle "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  Id. at 43-44.  The Court also described the "extraordinary circumstances" necessary to depart from this established practice of federal

restraint. These include situations where: (1) "it plainly appears" that reliance on state court proceedings to bring constitutional claims "would not afford adequate protection," Younger, 401 U.S. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243 (1926)); (2) state authorities exhibit bad faith and harassment in the prosecution of parties, see Younger, 401 U.S. at 48; see also Dombrowski v. Pfister, 380 U.S. 479 (1965); or (3) "the danger of irreparable loss [to a party] is both great and immediate." Younger, 401 U.S. at 45 (quoting Fenner, 271 U.S. at 243).

Plaintiffs argue that this Court should enjoin the state court proceedings because the Island Heights Municipal Court does not provide a "fair and sufficient opportunity to properly vindicate their legislatively created and uniquely federal rights." Pls. Br. at 8. However, this argument fails to recognize the structure of the New Jersey court system. Not only may Plaintiffs present any factual or legal defenses to the charges against them, but they will have the opportunity to appeal any adverse decisions made by the municipal court. See N.J. Mun. Ct. Sys., available at http://www.judiciary.state.nj.us/prose/judcou1f.pdf (describing the appellate process). Because Plaintiffs have the opportunity for appellate review and may pursue their constitutional claims somewhere in the state system, they have access to adequate protection from the State of New Jersey. See Moore v. Sims, 442 U.S. 415, 431 n.12 (1979) ("[Federal plaintiffs] need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate.") (citation omitted). Therefore, the Court will not enjoin the state criminal proceedings on this basis.

Further, Plaintiffs argue that the Police Defendants acted in bad faith and with the sole purpose of harassment when they allegedly arrested and detained Plaintiffs for five hours.

However, allegations of police misconduct on one evening are insufficient to find bad faith state prosecutions and to vest this Court with absolute discretion to grant equitable relief. "'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975).

Here, Plaintiffs do not allege that they were by victimized by a consistent pattern of police harassment or physical and mental abuse. Cf. Dombrowski v. Pfister, 380 U.S. at 490 (upholding federal court injunction after state authorities continued to arrest and indict civil rights workers without "any expectation of securing valid convictions"). Rather, Plaintiffs allege only one altercation and one night when the Police Defendants used harassment or physical abuse. In addition, Plaintiffs do not allege capricious state prosecution or judicial misconduct. Plaintiffs concede that a hearing is scheduled this month relating to the criminal charges brought against each individual. See Pls. Br. at 4. Because prosecution of Plaintiffs continues, and Plaintiffs will not be deprived of a forum to assert their constitutional claims, the Court finds that bad faith and harassment are not present here. Therefore, the Court will not grant the extraordinary relief sought by Plaintiffs on this basis.

Plaintiffs also argue that they face irreparable loss, both great and immediate, if this Court refuses to enjoin the state criminal proceedings. Specifically, Plaintiffs state that irreparable injury would occur "if they were required to defend a criminal proceeding premised upon unlawful acts violating [their federal rights]." Pls. Br. at 6. However, the Supreme Court has held that the "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by [itself] be considered 'irreparable' in the special legal sense of the term." Younger, 401 U.S. at 46; see also Davis v. Sheldon (In re Davis), 691 F.2d 176, 179 (3d

Cir. 1982) ("The processing of a bona fide criminal proceeding does not itself constitute irreparable injury."). Although Plaintiffs perceive the pending criminal charges as unlawful, they have the opportunity to defend against this good faith criminal prosecution and, as described above, to present constitutional claims in state court. Because Plaintiffs can alleviate the threat to their federal rights by defending against the criminal prosecutions, this Court will not exercise the extraordinary power to enjoin state criminal proceedings. Therefore, without reaching the merits of Plaintiffs' Section 1983 claims, this Court must deny the motion for injunctive relief.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs' motion for injunctive relief is denied. An appropriate form of order accompanies this Memorandum Opinion.

        s/ Garrett E. Brown, Jr.  
GARRETT E. BROWN, JR., U.S.D.J.