UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

CHAMBERS OF
GARRETT E. BROWN, JR.
JUDGE

**ORIGINAL TO CLERK**

August 11, 2006

RECEIVED
AUG 14 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

To: All Counsel
Re: **Bruno, et al. v. Borough of Seaside Park, et al., Civ. No. 04-5084 (GEB)**

Dear Counsel:

This matter comes before the Court upon Sean P. Foley's motion for consolidation filed in the above-referenced case. On October 18, 2004, plaintiffs Melanie Bruno, Melissa Bruno, and Jose Roman (collectively "Plaintiffs") filed the Complaint in this action. The defendants in this case include the Borough of Seaside Park, the Borough of Seaside Park Police Department ("Police Department"), several officers of the Police Department, the Saw Mill restaurant ("Saw Mill"), several employees of the Saw Mill, and a customer of the Saw Mill (collectively "Defendants"). (Second Am. Compl. ("SAC") ¶¶ 9-25.)

Plaintiffs allege that, on or about November 22, 2003, they were at the Saw Mill, and that several of the Saw Mill's employees attempted to forcefully remove them from the restaurant. (*Id.* ¶¶ 27-29.) According to Plaintiffs, those employees removed them through verbally and physically abusive means. (*Id.*) Plaintiffs allege that after they were removed, several police officers who arrived at the Saw Mill subjected Plaintiffs to additional mental and physical abuse. (*Id.* ¶¶ 30-32.) Plaintiffs also allege that the officers detained them at the police station, and that the abuse continued there. (*Id.* ¶ 33.) Plaintiffs further allege that the police officers fabricated

1

false criminal complaints against them, and that those complaints were ultimately resolved in Plaintiffs' favor. (*Id.* ¶¶ 34-36.) Plaintiffs assert federal claims pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as additional claims of malicious abuse of process, malicious prosecution, assault, battery, false arrest, false imprisonment, and negligence against Defendants. (*Id.* ¶¶ 37-106.)

On July 7, 2006, Mr. Foley filed the current motion to consolidate this case with a separate action that he has brought against various members of the Police Department, the Borough of Seaside Park, the Saw Mill, and employees of the Saw Mill. (Foley Am. Compl. ¶¶ 3-14.) Mr. Foley alleges in his lawsuit that, on or about May 23, 2004, he was forcibly removed from the Saw Mill and subjected to verbal and physical abuse by its employees. (*Id.* ¶¶ 15-17.) He further alleges that after he left the restaurant, he was arrested by officers with the Police Department and subjected to additional verbal and physical abuse. (*Id.* ¶¶ 18-29.) Mr. Foley also claims that the police officers initiated false criminal complaints against him, and that those complaints were ultimately resolved in his favor. (*Id.* ¶¶ 30-35.)

On July 19, 2006, Plaintiffs filed a letter stating that they joined Mr. Foley in his motion for consolidation. Briefing on Mr. Foley's motion now complete, the Court will decide whether to grant the motion.

**Whether Mr. Foley's Motion for Consolidation Should Be Granted**

Mr. Foley seeks consolidation of the *Monell* claims in his case with those of the present case pursuant to Federal Rules of Civil Procedure Rule 42(a). Rule 42(a) provides that:

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "Rule 42(a) gives the district court 'broad powers to consolidate actions involving *common questions of law or fact* if, in its discretion, such consolidation would facilitate the administration of justice.'" *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (internal citations omitted) (emphasis in original).

"Consolidation is appropriate in order to avoid unnecessary costs and/or delay, and to promote judicial economy." *Id.* at 80-81 (citations omitted). "The mere existence of common issues, however, does not require consolidation. The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Id.* at 81 (citations omitted).

"[I]n deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (citations omitted). *See also In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice'") (quoting *Easton & Co. v. Mut. Benefit Life Ins. Co.*, 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)).

In support of his motion, Mr. Foley argues that "[i]n order to establish municipal liability

under *Monell*, plaintiffs must establish that the alleged constitutional transgressions by the police defendants implemented a policy officially adopted by the governing body or informally adopted by custom." (Foley Br. 5 (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)).) He claims that consolidation is appropriate here because the *Monell* claims in both cases involve the same legal claims and the same facts. (*Id.* 5-6.) With respect to the facts, Mr. Foley argues that both cases involve incidents occurring in the same location – namely, the Saw Mill – and similar conduct by officers with the Police Department. (*Id.*)

Rather than promote the interests of efficiency and judicial economy, however, consolidation of these two cases would result in unnecessary delays and costs. The two cases are at much different stages of litigation. The *Bruno* case is ready for trial. A final pretrial conference was conducted in the case on June 16, 2006, and on June 19, Magistrate Judge Hughes entered a final pretrial order. Summary judgment motions are awaiting decision and, should they be denied, the case will be listed for trial on October 3, 2006. The *Foley* case, in contrast, is still in the discovery stage, and it appears likely that discovery will continue for several more months, if not longer. The Court finds that the interests of efficiency and judicial economy would be better served if the *Bruno* case proceeded to decision of the pending motions and to trial while discovery in the *Foley* case continues.

Moreover, although both lawsuits concern incidents that allegedly occurred at the Saw Mill and are brought against members of the Police Department, there are significant differences between the two cases. In *Bruno*, Plaintiffs' claims are based on the actions allegedly taken by Officers Azambuja, Citta, and Boag, while in *Foley*, Mr. Foley's claims are based on actions allegedly taken by Officers Leonne, McKay, and Boag. Four out of the five police officers

4

alleged to have engaged in abusive behavior are involved in only one of the cases. In addition, the two cases concern incidents that occurred approximately six months apart from each other. Given these differences, the Court does not find Mr. Foley's argument that these cases are sufficiently similar to be persuasive.

      For these reasons, Mr. Foley's motion for consolidation is denied.

                                   Very truly yours,

                                   GARRETT E. BROWN, JR.
                                   Chief Judge

cc:    All Parties